# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1369V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| RICHARD MUNOZ, | * | |
| | * | |
| Petitioner, | * | Filed: May 2, 2023 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Amber Diane Wilson*, Wilson Science Law, Washington, DC, for Petitioner.

*Jennifer A. Shah*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART MOTION FOR INTERIM
AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On May 18, 2021, Richard Munoz filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that he suffered unspecified injuries (though it appears he is alleging polymyalgia rheumatica) after receipt of the tetanus, diphtheria, and pertussis vaccine on July 2, 2019. Petition (ECF No. 1). The parties are currently in the process of determining the best means of resolving the claim—a hearing or ruling on the record. *Scheduling Order,* dated April 6, 2023.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated March 22, 2023 (ECF No. 31). It is the first fees request in this case. Petitioner seeks a total of $128,173.74 in attorney's fees and costs ($89,711.50 in fees, plus $38,462.24 in costs) for the work of attorneys and paralegals of his prior counsel at Maglio, Christopher, and Toale, PA, plus current counsel at Wilson Science Law.[3]

Respondent reacted to the fees request on March 22, 2023. *See* Response (ECF No. 32). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–4.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$56,491.00**. I defer ruling on other portions of the present request, as explained below.

## ANALYSIS

I.     **Petitioner's Claim has Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied entirely. Cases that are unresolved and/or pending, like this one, must also be evaluated for reasonable basis, because the claim's success remains to be determined.

A claim's reasonable basis[4] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This

---

[3] Petitioner's former counsel requests $56,484.00 in fees and $27,502.34 in costs totaling $83,986.34. ECF No. 31 at 1–2. For Petitioner's current counsel he requests $33,227.50 in fees and $10,959.90 in costs totaling $44,187.40. *Id.*

[4] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the

---

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

This claim possesses sufficient reasonable basis for a fees award at this time. While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim to meet the lenient standard applied to the reasonable basis inquiry. In addition, the other indicia I consider significant in interim award requests have been met. Although this matter is relatively "young," I make an exception for circumstances where counsel has withdrawn from a matter.[6] And no other circumstances exist that suggest an interim award would be inappropriate.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his previous and current attorneys, based on the years work was performed:

---

[6] In the future, however, Petitioner's counsel is advised to file an interim fees request at the time of withdrawal—*not* several months later.

4

|  | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|
| **Altom Maglio (Maglio, Christopher, & Toale, PA)** | $420.00 | - | - | - |
| **Anne Toale (Maglio, Christopher, & Toale, PA)** | $445.00 | $475.00 | $500.00 | $535.00 |
| **Diana Stadelnikas (Maglio, Christopher, & Toale, PA)** | $440.00 | - | $490.00 | - |
| **Joseph Vuckovich (Maglio, Christopher, & Toale, PA)** | - | - | $385.00 | - |
| **Amber Wilson (Wilson Science Law)** | - | - | $427.00 | $454.00 |

ECF No. 31 at 4–8, 12–35.

  The attorneys at Maglio Christopher & Toale, P.A. practice in Washington, DC—a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to the rates established in *McCulloch*. *See Monzon v. Sec'y of Health & Hum. Servs.*, No. 17-1055V, 2022 WL 370295, at *3 (Fed. Cl. Spec. Mstr. Jan. 14, 2022). The rates requested are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[7] *See, e.g.*, *Conte v. Sec'y of Health & Hum. Servs.*, No. 17-403V, 2021 WL 1120983, at *2 (Fed. Cl. Spec. Mstr. Feb. 19, 2021); *Sauer v. Sec'y of Health & Hum. Servs.*, No. 17-780V, 2019 WL 4302891, at *3 (Fed. Cl. Spec. Mstr. Aug. 27, 2019); *Littrell v. Sec'y of Health & Hum.*

---

[7] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2023).

*Servs.*, No. 17-796V, 2019 WL 2281746, at *2 (Fed. Cl. Spec. Mstr. Apr. 24, 2019). I thus find no cause to reduce their rates in this instance. And I award all attorney time devoted to the matter as requested.

I shall also award the requested paralegal time at the provided rates,[8] but I have identified two discrepancies in a paralegal rate for Lindsay Wilkinson and Stephanie Zolli. Ms. Wilkinson had a rate of $165 for 2021, but only *$160* for 2022. ECF No. 31 at 34. I will, however, continue to award her $165 for the following year—a positive difference of $5.[9] Ms. Zolli had a rate of $175 for 2020, but only *$165* for 2021. *Id.* I will do the same for her time, although the rate upward adjustment results only in a positive difference of $2.[10]

Ms. Wilson practices in Washington, DC—a jurisdiction that has been deemed "in forum." Accordingly, she is also entitled to the rates established in *McCulloch*. *See Stuart v. Sec'y of Health & Hum. Servs.*, No. 16-940V, 2022 WL 176145, at *4 (Fed. Cl. Spec. Mstr. Jan. 5, 2022). And her requested rates are consistent with what has previously been awarded for her work, and in accordance with the Office of Special Masters' fee schedule.[11] *See Cerrone v. Sec'y of Health & Hum. Servs.*, No. 17-1158V, 2022 WL 3369712, at *3 (Fed. Cl. Spec. Mstr. July 20, 2022). However, Ms. Wilson has only been the attorney of record since late December 2022 (or barely four months). ECF No. 27. I therefore deem it premature to award her interim fees at this time. (Petitioner may, however, renew this request at a later date—preferably after a hearing is held or briefing is completed on any ruling on the record—and I will be amenable then to award Ms. Wilson interim fees for her work through that later time).

---

[8] The rates for the 16 paralegals who worked on this matter are also consistent with what has been previously been awarded and in accordance with the Office of Special Masters' fee schedule. ECF No. 31 at 34–35. Specifically, Amy Semaine charged $145 in 2020, $155 in 2021, and $160 in 2022. Annie Stockdale charged $160 in 2020. Dashea King charged $145 in 2020. Elena Siamas charged $170 in 2022. Jacob Hess charged $170 in 2022. Jennifer Guiterrez charged $160 in 2020; $165 in 2021; and $170 in 2022. Katherine Ochoa Castillo charged $160 in 2020. Kendall Wallin charged $165 in 2021 and $170 in 2022. Kimberly Dutra charged $160 in 2020 and $170 in 2022. Kristin Harding charged $160 in 2020. Lindsay Wilkinson charged $165 in 2021 and $160 in 2022. Mackenzie Riordan charged $165 in 2021. Maria Rodriguez-Castro charged $160 in 2020. Stephanie Zolli charged $175 in 2020 and $165 in 2021 Tammie Adeyanju charged $$160 in 2020; $170 in 2022; and $180 in 2023. Tara Thorn charged $160 in 2020 and $165 in 2021.

[9] Ms. Wilkinson worked 1.0 hours at her previous rate of $160 which equaled $160. Now, with a rate of $165 for 1.0 hours of work, Ms. Wilkinson earned $165. This is a difference of $5.

[10] Ms. Zolli worked 0.2 hours at her previous rate of $165 which equaled $33.00. Now, with a rate of $175 for 0.3 hours of work, Ms. Zolli earned $35.00. This is a difference of $2.

[11] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2023).

### III.     Deferral of Costs Award

Petitioner seeks $38,462.24 in outstanding costs, including medical literature and medical record retrieval costs, plus costs associated with the work of a single expert—Petros Efthimiou, M.D. ECF No. 31 at 8, 36–37. Although I am mindful of the financial burdens associated with expert retention, I deem it premature to award expert costs at this point. Whether a particular expert's report is helpful to my determination, or reflects proper use of the expert's time, is the kind of assessment that I cannot make until I have decided the case—or at least conducted proceedings associated with my determination. I will therefore defer resolution of this aspect of the fees request until either after any hearing, or full briefing of a ruling on the record.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for an Interim Award of Attorney's Fees and Costs, awarding **$56,491.00** for fees (for the work of Petitioner's prior counsel), in the form of a check made jointly payable to Petitioner and his previous counsel at Maglio, Christopher, & Toale, PA.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[12]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.