# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1369V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| RICHARD MUNOZ, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: May 1, 2024 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Amber Diane Wilson*, Wilson Science Law, Washington, DC, for Petitioner.

*Jennifer A. Shah*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART MOTION FOR INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On May 18, 2021, Richard Munoz filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that he developed polymyalgia rheumatica and other unspecified injuries after receipt of the tetanus, diphtheria, and pertussis vaccine on July 2, 2019. Petition (ECF No. 1). A one-day Entitlement Hearing was held on January 25, 2024, and resolution of the matter is still pending.

Petitioner has made a second request for an interim award of attorney's fees and costs, relating to the work performed by present counsel (Amber Wilson, Esq.) since her appearance in the matter. (Petitioner previously obtained an interim fees award in March 2023, after prior

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

counsel's withdrawal from the matter, and was granted $56,491.00). Decision—Interim Attorney's Fees and Costs, dated May 2, 2023 (ECF No. 37). Petitioner now requests $155,699.59 (representing $128,736.30 in attorney's fees, plus $26,963.29 in costs), based on work performed by Ms. Wilson through the recent trial date. *See* Motion, dated Jan. 31, 2024 (ECF No. 53) ("Mot.") at 1–2; Supplemental Fees and Costs Invoice, dated Mar. 14, 2024 (ECF No. 58). Petitioner also requests reimbursement for $27,502.34 in costs incurred by his previous attorneys at the "mctlaw" firm. *See* Reply, dated Feb. 15, 2024 (ECF No. 55). Respondent reacted to the fees request on February 14, 2024. *See* Response, dated Feb. 14, 2024 (ECF No. 54) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$177,289.43**.

## ANALYSIS

**I.     Petitioner's Claim has Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied entirely. Cases that are unresolved and/or pending, like this one, must also be evaluated for reasonable basis, because the claim's success remains to be determined.

A claim's reasonable basis[3] is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum.*

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

*Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

I find that Petitioner has made a sufficient showing of reasonable basis to justify an interim fees award. While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim. In addition, the other indicia I consider significant in resolving interim award requests have been met. This matter has been pending for three years, many expert reports have been filed, the requested fees are substantial, and I generally find it appropriate to request an interim award after a hearing is held. And no other circumstances exist that make an interim award inappropriate. (I note, however, that no *additional* interim fees and costs requests will be entertained. It is not my practice to permit successive interim awards to the same counsel; there are two interim awards in this matter only because the earlier award compensated withdrawing counsel).

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for Ms. Wilson's time, based on the years work was performed:

|  | **2022** | **2023** | **2024** |
|---|:---:|:---:|:---:|
| **Amber Wilson (Wilson Science Law)** | $427.00 | $454.00 | $479.00 |

ECF No. 53-1 at 1–5, 11–14; ECF No. 58-1 at 1–6.

Ms. Wilson practices in Washington, DC—a jurisdiction that has been deemed "in forum." Accordingly, she is entitled to the rates established in *McCulloch*. *See Stuart v. Sec'y of Health & Hum. Servs.*, No. 16-940V, 2022 WL 176145, at *4 (Fed. Cl. Spec. Mstr. Jan. 5, 2022). Rates requested for time billed in 2022-23 have been allowed in other cases, and although the 2024 rate request ($479.00 per hour) is slightly on the higher end of the scale, it is consistent with what has previously been awarded for Ms. Wilson, reflecting her work and experience in the Program, and is otherwise in accordance with the Office of Special Masters' fee schedule.[5] *See Rivera v. Sec'y of Health & Hum. Servs.*, No. 22-1310V, 2023 WL 4312968, at *2 (Fed. Cl. Spec. Mstr. June 6, 2023). I thus find no cause to reduce it. And I award all attorney time devoted to the matter as requested.

### III. Calculation of Attorney's Costs for Wilson Science Law

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $26,963.29 in outstanding costs, including mailing costs, costs associated with the work of a single expert—Petros Efthimiou, M.D., and costs associated with travel. ECF No. 53-1 at 5, 7–8; ECF No. 58-1 at 7. Dr. Efthimiou prepared two written reports and testified at hearing on behalf of Petitioner. Initially, he submitted an invoice reflecting a total amount of $10,950.00 charged to the matter (18.25 hours of work billed at $600.00 per hour). *Id.* Dr. Efthimiou later submitted a second invoice for additional work, requesting $14,462.50 charged to the matter (22.25 hours of work billed at $650.00 per hour) on top of what he billed before. ECF No. 58-1 at 11. Adjustment of the sums to be awarded for his time are merited.

In his second invoice, Dr. Efthimiou provides a 2024 Fee Schedule which includes "Court Appearance" rates per half day ($4,000.00), as well as per full day ($8,000.00). ECF No. 58-1 at 11, 12. The Vaccine Program does not pay experts for their time in this manner (and doing so would amount to greatly overpaying them). *See e.g.*, *Zumwalt v. Sec'y of Health & Hum. Servs.*, No. 16-994V, 2018 WL 6975184, at *5 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) (declining to award expert's requested "day rate" for hearing and travel days). I note, however, that it does not appear

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited May 1, 2024).

Dr. Efthimiou is relying on the proposed full day rate for his court appearance, but instead is requesting his hourly rate of $650.00 for a total of sixteen hours based on two days for hearing (although the trial concluded after one day), totaling $10,400.00. Secondly, Dr. Efthimiou's requested expert costs as requested in his second invoice reflects a rate increase of $50.00—for an hourly rate of $650.00 for time billed in 2024. However, I will only award Dr. Efthimiou $600.00 for *all* time billed in this matter. I will consider larger rate increases for work performed in future cases.

Petitioner will therefore receive a total of $19,500.00 for costs associated with Dr. Efthimiou's work on the matter, based on a reduction of $5,912.50.[6]

All other requested litigation-related costs are commonly incurred in the Vaccine Program, are reasonable herein, and shall be awarded in full without reduction.

## IV.     Calculation of Deferred Attorney's Costs for mctlaw

In addition to the sums previously awarded for existing trial counsel, Petitioner herein seeks reimbursement for $27,502.34 in costs incurred by the attorneys who represented him before Ms. Wilson's appearance at the "mctlaw" firm. They include the filing fee, medical record and medical literature retrieval costs, mailing costs, and costs associated with the work of two experts—Dr. Efthimiou and Thomas Wright, M.D. ECF No. 31-3 at 2, 50, 51, 62–65.[7] Dr. Wright reviewed Petitioner's medical records and case chronology. He submitted an invoice for a total of $1,625.00 (at an hourly rate of $650.00 for 2.5 hours of work). *Id.* at 51. I find this sum was reasonable for the work performed, and thus, I do not find any reason to make any reductions.

Again, Dr. Efthimiou prepared two written reports and testified at hearing on behalf of Petitioner. He received a retainer fee of $3,000.00 and submitted two invoices to mctlaw, reflecting a total of $18,660.00 (at an hourly rate of $600.00 for 31.1 hours of work). This is in addition to the $19,500.00 I previously authorized he be reimbursed—meaning his total compensation for work on this case to date is nearly $40,000.00. Facially, this seems excessive for this case, and gives me some pause. However, the hearing is completed, and this expert's contribution will aid

---

[6] Dr. Efthimiou has requested a total of $25,412.50 in expert costs (reflecting (18.25 hours x $600.00 per hour = $10,950.00) + (22.25 hours x $650.00 per hour = $14,462.50)). However, and based on my reasoning set forth above, I will only award Dr. Efthimiou at a rate of $600.00 per hour for *all* time billed in the matter, but not including time billed for January 26, 2024, given the hearing concluded in one day. Thus, the adjusted total for expert costs associated with Dr. Efthimiou's work on the matter is calculated as follows: (18.25 hours x $600.00 per hour = $10,950.00) + (14.25 hours x $600.00 per hour = $8,550.00) = $19,500.00.

[7] After an initial review of the materials relevant to previous counsel's incurred costs, Chambers noted a missing invoice corresponding to one of the payments made to Dr. Efthimiou. Chambers contacted the parties via email and asked Petitioner to provide the necessary documentation. Thereafter, Petitioner's counsel emailed Chambers and Respondent with the missing invoice.

my determination, and so I will award this sum without adjustment (although I will give greater scrutiny to Dr. Efthimiou's billed time in future cases).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for an Interim Award of Attorney's Fees and Costs, and award a total of **$177,289.43**, reflecting (a) $149,787.09—$128,736.30 in attorney's fees and $21,050.79 in costs—in the form of a check made jointly payable to Petitioner and Petitioner's counsel of record, Amber Wilson of Wilson Science Law, and (b) $27,502.34 in attorney's costs, in the form of a check made jointly payable to Petitioner and Petitioner's previous counsel, mctlaw. The first check shall be forwarded to Wilson Science Law, 1629 K Street NW, Ste 300, Washington, D.C., 20006, and the second to Maglio Christopher and Toale, PA, 1605 Main Street, Ste 710, Sarasota, FL 43236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[8]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.